Read, J.
The question is, will use and occupation lie on the part of a purchaser of mortgaged premises, under a decree of foreclosure against a tenant of the mortgagor, the letting being had after condition broken, either for entire occupancy, from the date of the lease, or for the occupancy after the day of sale ? It is conceded by counsel that, if use and occupation will lie, the recovery can be only for the occupancy after the - day of sale. The action for use and occupation will lie only between persons holding the relation of landlord and tenant. 6 Ohio, 371; 4 Ohio, 205. It sounds in contract, *and spring's from the mutual assent of owner and occupant; that the latter holds by permission of the former. If the occupant enter, and hold without permission or right, he is a trespasser; nor can the owner waive the trespass and make him his tenant without his consent. The assent to establish a tenancy may be applied from acts, as payment and acceptance of rent; but to support the action for use and occupation, there must be sufficient legal proof that a tenancy subsists.
As respects chattels, when the entire thing is converted, the trespass may be waived, and its value recovered under the form of contract. But not so, when the main possession or enjoyment has been wrongfully interrupted or disturbed; because the doctrine of waiver proceeds upon the principle that waiving the tort is a parting with the property to the wrong-doer, and the law holds him for its price. Hence, if the waiving the.tort will not invest the wrong-doer with a legal right, there is nothing from which the law can imply an assumpsit; and the remedy must conform to the wrong. It applies only to those things which may pass by delivery, and of which possession is evidence of ownership; and therefore it applies not to injuries to possession of land. To waive a trespass of land, confers no right upon the wrongdoer. Hence, the remedy must follow the nature of the original act. To accept any other theory, would be to destroy that certainty and precision respecting the wrong and the remedy necessary to work out justice, under the forms of judicial procedure.
To support the action of use and occupation, a tenancy must subsist, which involves a liability for rent. Eor want of a more definite phrase, the law denominates certain persons tenants at *347 will, in reference to the possession of the land merely; but not to their liability to account for the rents and property.
Thus a mortgagor, after condition broken, is denominated a tenant at will. This means merely that the mortgagor permits him to hold possession at will, as he may at any time recover the possession of the land under the mortgage. A mortgagor is not bound to account for the rents and profits of the land *mortgaged, which is in possession. This grows out of the nature of the mortgage itself — being a mere security.
Now suppose the mortgagee proceeds to foreclosure, and buys in the mortgaged premises, and takes a deed; in what relation do they stand? The mortgagor, by virtue of the purchase and deed, under the decree, becomes the absolute owner of the mortgaged premises. If the mortgagee holds the premises after sale, he does so in violation of the right of the real owner. He is a trespasser. If the- purchaser be compelled to eject him, he has his action of trespass for mesne profits. The action for use and occupation will not lie, because there was no contract to pay rent, and the law will not imply such contract; because the nature of the injury sounds not in contract, but tort; and the waiver of the tort would confer no new right out of which the law would imply a contract which would.give a new form of action; but at best would be merely changing the nature of a wrong already done, for the purpose of authorizing a Dew form of action, which the law will not permit. Now the tenant stands precisely upon the ground of the mortgagor, so far as the remedy of the purchaser, under the decree, is concerned. He is in under the mortgagor, and holds not by the consent of the purchaser or the mortgagee. He has not contracted to pay rent to the mortgagee or purchaser. Not being protected by his lease in the possession, if he hold, over, after purchase, he is a wrong-doer, and, therefore, use and occupation will not lie.
It is urged that the possession of the tenant is not adverse. Every person in our state who holds possession in his own right or his wrong, not acknowledging that he holds by permission, holds adversely; and the statute of limitation would run in his favor. In many states, the holding, to be adverse, must be under color of title. With us, mere holding is sufficient. In no view of this case can we support the action.
Wood, C. J., being indisposed, did not sit in this case.